IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMIE MOORE III | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0316-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Pamie Moore III, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A Dallas County grand jury indicted petitioner for murder in connection with the stabbing death of Kenneth Ross. Although petitioner initially denied any involvement in the crime, he agreed to plead guilty in exchange for a 20-year prison sentence and a $2,000 fine. The trial court accepted petitioner's guilty plea and sentenced him in accordance with the terms of the plea agreement. An untimely appeal was dismissed for lack of jurisdiction. *Moore v. State*, No. 05-07-00489-CR, 2007 WL 1492055 (Tex. App.--Dallas, May 23, 2007, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Moore*, WR-52,620-03 (Tex. Crim. App. Sept. 17, 2008). Petitioner then filed this action in federal district court.

II.

In five grounds for relief, petitioner contends that: (1) his guilty plea was unlawfully induced and involuntary; (2) he received ineffective assistance of counsel; (3) the prosecutor engaged in various acts of misconduct; (4) his confession was coerced; and (5) his sentence is illegal.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by

state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

The threshold issue in this case involves the validity of petitioner's guilty plea. It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Davis v. Quarterman*, No. 3-08-CV-2145-L, 2009 WL 1058059 at *2 (N.D. Tex. Apr. 17, 2009).[1]

Petitioner was charged with murder, a first-degree felony under Texas law. *Ex parte Moore*, WR-52,620-03, Tr. at 99. Prior to trial, petitioner agreed to plead guilty in exchange for a 20-year

---

[1] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Gracia*, 983 F.2d at 627. The requirements of Rule 11 and Tex. R. Crim. Proc. Ann. art. 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art. 26.13. It therefore follows that the same "prophylactic protection" attaches to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002), *COA denied*, 02-11018 (5th Cir. Mar. 12, 2003).

sentence and a $2,000 fine. *Id.* at 104. A written plea agreement was signed by petitioner, his attorney, and the prosecutor. *Id.* at 105. The agreement disclosed that the range of punishment for the offense was not less than five years nor more than 99 years or life imprisonment, and a possible fine not to exceed $10,000. *Id.* at 104. As part of the plea agreement, petitioner waived the full panoply of his constitutional rights, including his right to a jury trial, his right to confront and cross-examine witnesses, and his right to appeal. *Id.* at 104-05. Petitioner also signed a written acknowledgment stating that he understood the admonishments and warnings regarding his constitutional rights, and that his guilty plea was "knowingly, freely, and voluntarily made with full understanding of the consequences." *Id.* at 105. Before accepting his plea, the trial judge reminded petitioner of the range of punishment for the offense and asked if he understood the plea documents. (SF-Plea Hrg., 11/21/06 at 4-5). Petitioner said that he understood the documents and the effect of waiving his constitutional rights. (*Id.* at 5). Defense counsel then questioned petitioner under oath about the circumstances surrounding his guilty plea. (*Id.* at 8-9). Specifically, counsel inquired:

> Q. [BY COUNSEL]: And has anybody forced you or threatened you or caused you in [any] manner to make you sign the paperwork that you signed today?
>
> A. Not at all.
>
> Q. Anybody threatened you or coerced you to make you plead guilty?
>
> A. No.

(*Id.*). These sworn declarations carry a strong presumption of veracity in a subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

On state collateral review, the state habeas court found that petitioner's guilty plea was not unlawfully induced or coerced by defense counsel. *Ex parte Moore*, WR-52,620-03, Tr. at 96-97, ¶¶ 4 & 7. Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut that finding. Instead, petitioner criticizes his attorney for failing to explain the "premeditation" element of murder and for not advising him of the consequences of a deadly weapon finding in the judgment. (*See* Hab. Pet. at 7, ¶20(A) & (C)). However, petitioner testified under oath that he reviewed the indictment with his attorney before pleading guilty. (*See* SF-Plea Hrg., 11/21/06 at 5). The indictment plainly alleges that petitioner *intended* to cause serious bodily injury to Kenneth Ross by *intentionally* and *knowingly* stabbing him with a knife. *See Ex parte Moore*, WR-52,620-03, Tr. at 99. Petitioner also signed a judicial confession admitting the essential elements of the offense. *Id.* at 106. At the plea hearing, petitioner testified that he understood the charges against him, that he discussed the charges and the evidence with his attorney, and that he was pleading guilty to the offense as alleged in the indictment. (SF-Plea Hrg., 11/21/06 at 5-7). It is clear that petitioner was fully informed of the elements of murder, including the "premeditation" requirement.

Nor can petitioner attack his guilty plea on the ground that counsel failed to advise him of the consequences of a deadly weapon finding. The judgment in this case contains no such finding. *See Ex parte Moore*, WR-52,620-03, Tr. at 101. These grounds for relief are without merit and should be overruled.

C.

A voluntary guilty plea waives all non-jurisdictional defects preceding the plea. *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973); *United States v. Jennings*, 891 F.2d 93, 95 (5th Cir. 1989). This includes errors of constitutional dimension. *See United States v. Broce*, 488 U.S. 563, 573-74, 109 S.Ct. 757, 764-65, 102 L.Ed.2d 927 (1989). The

only claims that survive a guilty plea are those that implicate the validity of the plea itself. *See United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir.), *cert. denied*, 111 S.Ct. 2870 (1991).

In his federal writ and supporting brief, petitioner contends that: (1) counsel failed to investigate a potential alibi defense, interview witnesses, object to hearsay evidence, and impeach the state's witnesses; (2) the prosecutor suppressed exculpatory evidence and relied on circumstantial hearsay evidence to obtain a conviction; and (3) his confession was coerced. All these claims are based on events that occurred before petitioner pled guilty. None are jurisdictional in nature or impact the validity of petitioner's guilty plea. Consequently, these grounds for relief should be overruled. *See, e.g. United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000) (voluntary guilty plea waives claims of ineffective assistance of counsel that do not implicate validity of the plea itself); *Matthew v. Johnson*, 201 F.3d 353, 366-70 (5th Cir.), *cert. denied*, 121 S.Ct. 291 (2000) (same as to claim that prosecutor failed to disclose exculpatory evidence); *Thomas v. Dretke*, No. 3-01-CV-2249-L, 2004 WL 444041 at *4 (N.D. Tex. Feb. 25, 2004), *rec. adopted*, 2004 WL 719138 (N.D. Tex. Mar. 15, 2004), *COA denied*, No. 04-10381 (5th Cir. Aug. 18, 2004) (same as to claim challenging admissibility of coerced confession).

### D.

Petitioner further contends that his sentence is illegal because the judgment contains a deadly weapon finding. In a related claim, petitioner accuses the prosecutor of failing to ask for a "special issue hearing" to determine whether a deadly weapon was used in the commission of the offense. However, as previously discussed, no deadly weapon finding appears in the judgment. *See Ex parte Moore*, WR-52,620-03, Tr. at 101. These grounds for relief should be overruled as frivolous.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE